UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                              Chapter 7

Jeffrey Alan Wolfenbarger,                          Case No. 14-40023

    Debtor.                                         Hon. Phillip J. Shefferly
_____/

Lauren Furneaux, as Personal                        Adversary Proceeding
Representative of the Estate of                     Proceeding No. 14-04322-PJS
Lily Lynette Furneaux-Wolfenbarger,
Deceased,

    Plaintiff,

v.

Jeffrey Alan Wolfenbarger,

    Defendant.
_____/

**ORDER REGARDING APPLICATION OF
28 U.S.C. SECTION 157(b)(5) AND RELATED MATTERS**

On January 2, 2014, the Debtor filed this Chapter 7 case. On March 26, 2014, the Plaintiff filed a pro se complaint in this adversary proceeding seeking a determination of a nondischargeable debt under § 523(a)(6) of the Bankruptcy Code based upon a cause of action for wrongful death. On April 30, 2014, the Defendant filed an answer. On June 2, 2014, the Court held an initial scheduling conference. At the conference, the Court inquired whether 28 U.S.C. § 157(b)(5) applies to this adversary proceeding. After conferring with the parties regarding this and related issues, the Court set a deadline for the parties to file briefs. On June 4, 2014, the Court entered an order (ECF No. 21) memorializing its ruling and identifying

three specific issues to be addressed by the parties. The Court then adjourned the conference until after the parties filed their respective briefs.

On June 24, 2014, the Court held the adjourned conference. Based upon the briefs filed by the parties and the representations made by them on the record at the adjourned conference, the Court determined that 28 U.S.C. § 157(b)(5) does apply to this adversary proceeding. The Court then conferred with the parties regarding further scheduling issues in this adversary proceeding. Accordingly, for the reasons set forth on the record on June 24, 2014, all of which are incorporated herein,

**IT IS HEREBY ORDERED** that the Court finds that this adversary proceeding is based upon a wrongful death claim and, therefore, 28 U.S.C. § 157(b)(5) applies. As a result, the wrongful death claim in this adversary proceeding "shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending." To implement this finding, the Court shall cause this adversary proceeding to be transmitted to the district court.

**IT IS FURTHER ORDERED** that the Court makes no ruling and expresses no view about whether the automatic stay of § 362 of the Bankruptcy Code should be lifted to permit the Plaintiff to prosecute the wrongful death lawsuit previously filed by the Plaintiff against the Defendant in Macomb County Circuit Court, because no motion to lift the automatic stay has been filed in the Debtor's bankruptcy case. This order is without prejudice to the rights of the Plaintiff or the Defendant to properly file and serve a motion to lift the automatic stay of § 362 of the Bankruptcy Code in the Debtor's bankruptcy case in accordance with Fed. R. Bankr. P. 4001.

**IT IS FURTHER ORDERED** that the parties to this adversary proceeding are ordered to participate in mediation of this adversary proceeding pursuant to Local Bankruptcy Rule 7016-2

- 2 -

14-04322-pjs    Doc 28    Filed 06/25/14    Entered 06/25/14 15:23:15    Page 2 of 3

(E.D.M.). The Court will enter a separate order appointing a mediator and requiring the mediation to be completed within 30 days from the date of such order.

**IT IS FURTHER ORDERED** based upon the parties' agreement and based upon the Court's decision to order mediation that:

(i) The parties shall each refrain from filing any motion to lift the automatic stay under § 362(a) of the Bankruptcy Code until after the mediation is completed, as evidenced by the filing of a certificate by the mediator pursuant to L.B.R. 7016-2 (E.D.M.); and

(ii) The Court shall delay transmitting this adversary proceeding to the district court pursuant to 28 U.S.C. § 157(b)(5) until ten (10) days after the mediation is completed, as evidenced by the filing of a certificate by the mediator pursuant to L.B.R. 7016-2 (E.D.M.).

.

**Signed on June 25, 2014**

                                        **/s/ Phillip J. Shefferly**
                                        **Phillip J. Shefferly**
                                        **United States Bankruptcy Judge**